NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0014n.06

No. 14-1596

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jan 07, 2015

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| NATHAN CUNDIFF, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LENAWEE STAMPING CORPORATION, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: McKEAGUE and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

KETHLEDGE, Circuit Judge. The Family Medical Leave Act confers a right to take leave, not a right to be absent without it. Here, Nathan Cundiff missed work for three consecutive days without calling in, and was fired as a result. Thereafter, he sued Lenawee Stamping, alleging that Lenawee interfered with his FMLA rights when it fired him. The district court granted summary judgment to Lenawee. We affirm.

I.

Cundiff suffers from anxiety, depression, and gastroesophageal reflux disease. For nine years, he worked at Lenawee—a tier-one supplier of parts for use in the production of automobiles—as a welder. Lenawee's attendance policy required "employees who are going to be absent or late for work" to call a designated line "at least thirty (30) minutes prior to the start of his/her shift." R. 19-2. The policy also provided that, "[i]f the employee is absent from work

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

for [three] consecutive working days without informing management, the employee is terminated[.]" *Id.*

On Friday, August 3, 2012, Cundiff called the designated line to say that he needed to take the day off for personal reasons. The following Monday, he called in again to say the same thing, but added that he would return to work the next day. Cundiff did not come to work the next day, however, or for the two days after that. Nor did he call in on any of those days. Consequently, Lenawee fired him via a letter that it sent on August 10 and that Cundiff received by certified mail eight days later.

On or around August 12, Cundiff gave Lenawee a doctor's note that purported to excuse him retroactively from work on the three days that he had been absent without permission. Lenawee refused to reinstate him, so he sued under the FMLA. After discovery, the district court granted summary judgment to Lenawee. This appeal followed.

II.

We review de novo the district court's grant of summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Summary judgment is proper if the record shows that there is no genuine issue as to any material fact. *Sjostrand v. Ohio State Univ.*, 750 F.3d 596, 599 (6th Cir. 2014).

Cundiff argues that there was a genuine issue as to whether Lenawee interfered with his FMLA rights when it fired him. *See* 29 U.S.C. § 2615(1). Specifically, he contends that he was entitled, under the FMLA, to notify Lenawee of his intention to take leave after he had been absent from work, rather than before.

The Act and its regulations do not bear out that contention. Under the FMLA, an employee who has a serious health condition—which the parties agree Cundiff had—has the

right to take up to 12 weeks of leave per year. *See* 29 U.S.C. § 2612. But the FMLA does not grant that right unconditionally: it requires, among other things, that the employee give his employer "notice of his intention to take leave." *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005). And that notice must take a certain form, namely, the employee must "comply with [the employer's] usual and customary notice and procedural requirements . . . absent unusual circumstances." 29 C.F.R. § 825.302(d). If the employee does not comply with those requirements, then the FMLA does not give him the right to take leave. *Id.*

Here, Lenawee required employees "who are going to be absent or late from work" to call the dedicated line at least 30 minutes before the start of their shift. From August 7 to August 9, however, Cundiff missed work without calling in at all. On those three days, therefore, Cundiff failed to comply with his employer's "customary notice and procedural requirements," 29 C.F.R. § 825.302(d); and he offers no "unusual circumstances" to excuse his failure to do so. *Id.* Thus, the FMLA did not give Cundiff the right to take leave on those days, which means that Lenawee did not interfere with his rights under that law when it refused to reinstate him.

Our decision in *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608 (6th Cir. 2013), confirms this result. There, Dana Light Axle had a handbook that required its employees to call in if they needed to miss work. One of Dana's employees, Srouder, missed work without calling in, so Dana fired him. Srouder thereafter sued Dana under the FMLA. We rejected his claim, holding that Dana was "justified in terminating [his] employment for his failure to follow the call-in requirements of [its] attendance policy." *Id.* at 615. Precisely the same reasoning applies here.

Cundiff responds that *Srouder* is inapposite, because Dana spelled out its notice procedures in a handbook, whereas Lenawee recited them in a collective-bargaining agreement.

It is true, as Cundiff points out, that FMLA rights cannot "be diminished by any collective bargaining agreement." 29 U.S.C. § 2652(b). But those rights cannot be diminished by a handbook, either. *See Cavin v. Honda of America Mfg.*, 346 F.3d 713, 720 (6th Cir. 2004). That the employer in *Srouder* detailed its procedures in a handbook, therefore, does not distinguish that case from this one. More to the point, the CBA did not diminish Cundiff's rights under the FMLA because, per the plain terms of the relevant regulation, Cundiff had not taken the simple steps—a phone call 30 minutes before his shift each day—necessary to bring those rights unto existence.

Finally, Cundiff argues that—in contrast to Lenawee's written policy—Lenawee had an unwritten policy of allowing employees to commence FMLA leave by providing a doctor's note even after the employee had been absent from work without calling the designated line. But Cundiff offers no evidence that any such unwritten policy existed, which means that this argument too is not a basis on which to avoid summary judgment.

The district court's judgment is affirmed.